NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 8 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELSY MARICELA AMAYA DIAZ; CESAR ORLANDO AMAYA DIAZ,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-934<br><br>Agency Nos.<br>A220-586-318<br>A201-445-263<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 4, 2025**
Portland, Oregon

Before: BYBEE and FORREST, Circuit Judges, and RODRIGUEZ, District
Judge.***

Elsy Maricela Amaya Diaz and her son petition for review of the Board of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Xavier Rodriguez, United States District Judge for the Western District of Texas, sitting by designation.

Immigration Appeals' (BIA) dismissal of their appeal from the immigration judge's (IJ) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where the BIA provides its own reasoning, as it did here, we review the BIA's decision, except to the extent it expressly adopts the IJ's decision. *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075–76 (9th Cir. 2020). We review factual findings for substantial evidence and legal conclusions de novo. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Under the substantial evidence standard, we will reverse a factual finding only if "'any reasonable adjudicator would be compelled to conclude to the contrary' based on the evidence in the record." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (quoting *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014)).

1.　　***Asylum and Withholding of Removal.*** For purposes of asylum and withholding of removal, an applicant bears the burden of establishing, among other things, "[past] persecution or a well-founded fear of [future] persecution." *Guo v. Sessions*, 897 F.3d 1208, 1213 (9th Cir. 2018) (alterations in original).

Substantial evidence supports the BIA's conclusion that Amaya Diaz failed to

---

[1] Amaya Diaz's son is a derivative beneficiary of his mother's asylum application.

establish past harm rising to the level of persecution. The BIA credited Amaya-Diaz's testimony that as a teenager, she was in an abusive relationship with a man twenty years her senior. However, the abuse lasted no more than 60 days, she was never physically harmed, and her former partner had not contacted her during the five years she remained in El Salvador after she left him. Amaya Diaz argues the BIA failed to consider her age, her testimony that she was subjected to death threats, and the "cumulative effects of harms and abuses" she suffered at the hands of her former partner. But the BIA considered this evidence and reached a reasonable conclusion. *Bringas-Rodriguez*, 850 F.3d at 1059.[2] To the extent Amaya Diaz asks us to reweigh the evidence in a light more favorable to her, we decline to do so. *See Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1194 (9th Cir. 2023) (Under the substantial evidence standard, this court is barred "from independently weighing the evidence and holding that the petitioner is eligible for asylum, except in cases where compelling evidence is shown.").

2.      ***CAT.*** For CAT relief, the petitioner "must show that it is 'more likely than not that . . . she would be tortured if removed.'" *Davila v. Barr*, 968 F.3d 1136,

---

[2]We decline to consider Amaya Diaz's argument that her son suffered separate and distinct harm amounting to past persecution because she failed to raise this argument to the agency. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (a petitioner will "be deemed to have exhausted only those issues [s]he raised and argued in [her] brief before the BIA."). For the same reason, we do not reach Amaya Diaz's arguments about future persecution. *See id.*

1144 (9th Cir. 2020) (omission in original) (quoting 8 C.F.R. § 208.16(c)(2)). Torture is "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official . . . or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). Substantial evidence supports the BIA's conclusion that several years had passed since Amaya Diaz suffered abuse and the record did not demonstrate a likelihood of future torture.[3]

**PETITION DENIED.**

---

[3]Although the BIA found that Amaya Diaz waived her challenge to the IJ's CAT challenge, it held in the alternative that the claim was properly rejected by the IJ on the merits. "[I]f an alien raises an issue to the IJ, and the BIA 'elect[s] to consider [it] on its substantive merits' despite the procedural default by the alien, the alien is deemed to have exhausted the claim." *Arsdi v. Holder*, 659 F.3d 925, 929 (9th Cir. 2011).